**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

**DAVID E. SMITH,**

                **Petitioner,**

              **v.**

**RANDY BOUCHARD, Administrator**

                **Respondent.**

**9:10-CV-732
(GLS)**

**APPEARANCES:**

**FOR THE PETITIONER:**

DAVID E. SMITH
Last Known Addresses:
St. Lawrence County Correctional
Facility
17 Commerce Lane
Canton, New York 13617-3758

and

Offender ID# 10040988
Hillsborough County Jail
2008 E. 8th Street
Tampa, Florida 33605

**FOR THE RESPONDENT:**

Hancock, Estabrook Law Firm
P.O. Box 4976
1500 AXA Tower 1
100 Madison Street
Syracuse, New York 13221-4976

**OF COUNSEL:**

ZACHARY M. MATTISON, ESQ.

**Gary L. Sharpe**
**United States District Judge**

## DECISION AND ORDER

The court cannot locate *pro se* petitioner, David E. Smith. Accordingly, it considers *sua sponte* Smith's noncompliance with this District's Local Rules by failing to notify the court of his current address and by not prosecuting his action.

On June 23, 2010, David E. Smith filed a petition for a writ of *habeas corpus*. *See Dkt. No. 1.* On June 24, 2010 an order was issued granting the plaintiff's *in forma pauperis* application. At that time, he was advised of his obligation to adhere to the Federal and Local Rules even though he was a *pro se* litigant. *See Dkt. No.* 3. The petitioner has not complied with this order. This district has expended considerable effort in order to familiarize *pro se* litigants with those Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible. See http://www.nynd.uscourts.gov. In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of any change of address.** The notice of change of address is to be filed with the clerk of the court and served on all other parties to the action. The notice must identify each and every action for which the notice shall apply.... (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court. *Link v. Wabash R.R. County Indep. Sch. Dist.*, 370 U.S. 626 (1962); *see also*, *Lyell Theater Corp. v. Loews Corp.*, 628 F. 2d 37 (2d Cir. 1982).

On August 19, 2010, the Clerk of the Court sent a copy of a text only order granting the respondent an extension of time to respond to the petition. *See August 19, 2010 docket entry.* Smith's copy of the text order was mailed to his last known address, but was marked return to sender - no longer at this facility. *See Dkt. No.* 8. On August 27, 2010, the Clerk reserved the text order dated August 19, 2010 on petitioner as his new

3

location. See August 27, 2010 docket entry. On September 8, 2010, Smith's copy of the text order was marked return to sender - released. See Dkt. No. 9. On September 10, 2010, the Clerk sent a text order granting respondents motion to withdraw as counsel to Smith's last known address, but this was marked returned to sender - not at St. Lawrence County. See Dkt. No. 11.

On October 29, 2010, the Court issued an order directing Smith to notify the court within fourteen days of his current address and/or verify that his mailing address as listed in the caption of this order. *See Dkt. No. 13*. The court warned Smith that his failure to comply with the order could result in dismissal for failure to comply with L.R. 10.1(b) and 41.2(b). A copy of the order was sent to both last known addresses of the petitioner. On October 29, 2010, Smith's copy of the order was marked return to sender - no longer at St. Lawrence County Correctional Facility. See Dkt. No. 14. On November 1, 2010, Smith's copy of the order was marked return to sender - released from Hillsborough County Jail. See Dkt. No. 15.

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes.

*Michaud v. Williams*, 98cv1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, then D.J.). As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions. *See Williams v. Faulkner*, 95cv741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at, *1; *Fenza*, 177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.

Smith's failure to provide this court with a change of address warrants dismissal. Rule 41(b) of the Federal Rules of Civil Procedure

5

allows a court to dismiss an action for failure to prosecute. According, it is hereby

**ORDERED** that Smith's petition is **DISMISSED** for failure to notify the court of his current address, failure to prosecute and for failure to comply with this court's October 21 order, and it is further

**ORDERED** that the Clerk of the Court serve copies of this Order to the parties by regular mail at the addresses listed in the caption; and it is further

**ORDERED** that the Clerk serve petitioner at his last known address.

**SO ORDERED.**

**Dated:** **November 4, 2010**
**Albany, New York**

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge